UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

GEORGE TYRONE DUNLAP, JR.,           )        2:12-cv-01370-JCM-VCF
                                     )
          Plaintiffs,                )
                                     )        **ORDER**
    vs.                              )
                                     )
WARDEN D. NEVEN, et al.,             )
                                     )
          Defendants.                )
_____)

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, filed a motion for preliminary injunction. Defendants filed a response to that motion, as ordered by the court. The response complains that plaintiff has failed to produce any evidence to support allegation in his amended complaint and motion, which entitles them to have the motion denied. While defendants make this argument and assert their individual responses to plaintiff's assertions, they also fail to provide any evidence to support the denials of culpability.

To win a preliminary injunction, the plaintiff must show: (1) that there exists serious questions going to merits and the balance of hardship tips sharply toward plaintiff; can support issuance of preliminary injunction; (2) there was likelihood of irreparable harm; (3) there are "at least" serious questions on the merits; (4) that the balance of hardships tips sharply in plaintiff's favor; and that (5) public interest favored preliminary injunction. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, (9th Cir.2011).

Taking the allegations made by plaintiff in his complaint as true, the answers to the above questions weigh in his favor. He has presented specific facts supporting his allegations, the facts he has alleged represent a possibility of physical injury including exposure to HIV - an irreparable harm in this

1 court's view. If plaintiff can marshal his evidence, he should be able to raise a serious question as to the merits of his claims and the treatment he alleges represents a severe hardship for him with only sadistic gratification to the defendants, which public interest and a civil society strongly disfavors.

However, allegations are insufficient to win an injunction - evidence must be presented to support the allegations. *Ashcroft v. ACLU*, 542 U.S. 656, 666, 124 S.Ct. 2783 (2004); *Thalheimer v. City of San Diego,* 645 F.3d 1109, 1116 (9th Cir. 2011)("the burden of proof at the preliminary injunction phase track the burden fo proof at trial").  That rule applies to both parties. If the plaintiff presents so much as a sworn declaration as to the facts alleged, he will prevail as the matter stands, because defendants have also presented no evidence to support their defenses.

Thus, as the briefing stands, the court is faced with a situation where neither or both parties may be telling the truth, but neither party has made their assertions under oath or with the support of independent evidence.

Rather than schedule a hearing on the motion where such evidence as may exist could be taken in open court, in an effort to preserve the resources of the court and the parties, the court will direct each party to submit additional briefing which must include any admissible evidence as may exist to support their respective positions.

**IT IS THEREFORE ORDERED** that within twenty days of entry of this order the parties shall file simultaneous supplemental briefs in support of their allegations or defenses as raised in the amended complaint and motion for preliminary injunction and in defendants' opposition.  The supplemental briefing shall include such admissible evidence as may be available to support the party's position, including any sworn declarations of witnesses.  **Failure to provide such admissible evidence will result in an adverse ruling.**

DATED:   May 20, 2013.

_____
UNITED STATES DISTRICT JUDGE