**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGE TYRONE DUNLAP, JR., | 2:12-cv-01370-JCM-VCF |
| Plaintiffs, | **ORDER** |
| vs. | |
| WARDEN D. NEVEN, et al., | |
| Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, filed a motion for preliminary injunction. Defendants filed a response to that motion as ordered by the court. Additional briefing and evidentiary support was then ordered. Those responses have been filed. However, defendants have moved to file exhibits H and I to that response under seal, ( ECF No. 22).

Unless a particular court record is one "traditionally kept secret for important policy reasons," the "strong presumption in favor of access" colors the analysis in deciding a motion to seal documents filed with the Court. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006) quoting *Foltz v. State Farm Mut. Auto. Ins.Co*., 331 F.3d 1122, 1135 (9th Cir. 2003). Unless filed with the court with a non-dispositive motion, the presumptions may be overcome only by a showing of compelling reasons. *Foltz,* 331 F.3d at 1135; *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) (carving out an exception for a "sealed discovery document [attached] to a non-dispositive motion"). Discovery documents may be sealed where a protective order has been issued under Fed.R.Civ.P. 26(c). This rule requires only a showing of good cause. *Id.*; *Phillips*, 307 F.3d at 1213.

Defendants seek leave to file various medical records under seal arguing that such filing is appropriate in relation to this non-dispositive motion for preliminary injunction and because prison regulations prohibit inmates from possessing copies of their medical records in their cells.

Based upon defendants' assurances of plaintiff's access to the records, good cause appearing and conditioned upon the terms of this order, the motion (ECF No. 22) is **GRANTED**. Defendants will file the documents under seal within five days of entry of this order. Further, defendants will ensure that plaintiff is permitted access to the sealed documents within five days of his written request for an appointment to view them. This time limitation shall apply only to the documents filed under seal by defendants in this action.

**IT IS SO ORDERED**.

DATED:  June 13, 2013.

_____
UNITED STATES DISTRICT JUDGE

2