# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE TYRONE DUNLAP, JR., | 2:12-cv-01370-JCM-VCF |
| Plaintiffs, | |
| vs. | **ORDER** |
| WARDEN D. NEVEN, et al., | |
| Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, filed a motion for preliminary injunction seeking relocation to the Lovelock Correctional Center/Long Term Ad-Seg with single cell housing. ECF No. 6. Defendants filed a response to that motion, as ordered by the court. Thereafter, the parties were ordered to file simultaneous briefs including whatever evidence they had to support their positions. ECF No. 20. Since that time, defendants have filed a response (ECF No. 23) and exhibits, including certain sealed medical exhibits (ECF No. 25). Plaintiff has filed his additional supporting exhibits (ECF No. 21) plus an additional reply (ECF No. 27) and argument (ECF No. 28). Although these additional briefs were not authorized, allowing for a liberal construction given to *pro se* pleadings, the court will review them for relevance.

I.   The Allegations

Plaintiff alleges that he has been the victim of physical and sexual assault and harassment at the hands of prison security officers. He alleges that his food has been tampered with, causing him to become ill and suffer other significant symptoms. Complaint (ECF No. 4), motion for preliminary injunction (ECF No. 6). He contends that he has complained about these acts and as a result has been

threatened with further harm. The acts are alleged to have occurred between October 30, 2010, and November 7, 2012. *Id.*

Defendants oppose the motion, suggesting the complaint is merely one in a string of similar complaints raised by plaintiff. Defendants argue that plaintiff has been seen by medical personnel, but never complained to them about "continuing" harassment. They allege that plaintiff suffers some psychological impairment, but refuses to take medication to treat it and that his requests to be relocated to Lovelock have been denied on the basis that he has enemies who are incarcerated there.

Legal Standard

To win a preliminary injunction, the plaintiff must show: (1) there is a likelihood of irreparable harm; (2); there exist serious questions going to the merits of the claims (3) the balance of hardships tips sharply in plaintiff's favor; and (4) public interest favors the preliminary injunction. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, (9th Cir.2011); *see also Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 129 S.Ct. 365 (2008).

Taking the allegations made by plaintiff in his complaint as true, the answers to the above questions weigh in his favor. He has presented specific facts supporting his allegations, the facts he has alleged represent a possibility of physical injury including exposure to HIV - an irreparable harm in this court's view. Moreover, public interest is never served where persons who are incarcerated suffer ongoing violations of their rights and are exposed to physical harm directly or indirectly at the hands of those charged with their care and safety.

However, two issues strongly militate against granting a preliminary injunction: First, the majority of the actions complained of occurred well before the complaint or the motion for preliminary injunction were filed, between 2010 and May of 2012. The complaint was not filed until August of 2012, and the motion for injunction was not filed until November of 2012. Plaintiff has not provided any evidence that the harassment is ongoing.

In his response to the court's order directing the submission of evidence, plaintiff has provided copies of grievances dated early 2010 to mid-2012. His affidavit in support does not suggest any incidents beyond July 21, 2012. He alleges that it took prison officials 472 days to take any action to

protect him after an attack by S c/o Baker on February 16, 2012, but he acknowledges that S c/o Baker was removed from his housing unit on May 31, 2013. ECF No. 27, p. 1. This took place before plaintiff filed his complaint.

A preliminary injunction cannot be issued for possible future injury, there must exist at the time the injunction is requested an actual threat of irreparable harm. *Regents of University of California v. American Broadcasting Companies, Inc.*, 747 F.2d 511, 523-24 (9th Cir. 1984).

In addition, plaintiff has stated that he wants is to meet with the defendants in an attempt to settle the grievances and end the harassment. *See* Supporting Exhibits (ECF No.21) at 3; Argument (ECF No. 28) at 13. Because a mediation has been set (ECF No. 20), plaintiff's requested relief may be obtained before the need for trial. Thus the need for injunctive relief would be rendered moot.

Given that plaintiff has not demonstrated that he is in immediate risk of harm, that the offending officers are no longer working in his housing unit and that plaintiff is to be given an opportunity to meet with officials to resolve the matter through the mediation that has been scheduled, there is no basis to issue a preliminary injunction.

**IT IS THEREFORE ORDERED** that the motion for preliminary injunction (ECF No. 6) is **DENIED.**

DATED:   June 28, 2013.

_____
UNITED STATES DISTRICT JUDGE

3