**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

GEORGE TYRONE DUNLAP, JR.,

        Plaintiff,

vs.

D. NEVEN, *et al.*,

        Defendants.

2:12-cv-01370-JCM-VCF

**ORDER**

Before the Court are the following motions:

    1. Plaintiff's Request to Amend Complaint and File Motion for Appointment of Counsel (#'s 39 & 40)

    2. Plaintiff Request the Service of the U.S. Marshals to Serve Summons on "Cole Morrow and John Doe Gonzales" (#42)

    3. Plaintiff's Request for Appointment of Counsel (#43)

    4. Plaintiff's Request for the U.S. Marshals Service (#45)

    5. Plaintiff's Motion to Extend Prison Copywork Limit (#48)

**A. Relevant Background:**

Plaintiff submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis on August 2, 2012. (#1). On October 19, 2012, a copy of the court approved form and instructions for preparing and filing a § 1983 civil rights action and a copy of Plaintiff's original proposed complaint were sent to the Plaintiff. (#3). Plaintiff had thirty days to file an amended complaint. *Id.* On November 14, 2012, Plaintiff filed a Motion for Leave to File Extended 1983 Civil Rights Complaint. (#5). The Court granted Plaintiff's Motion for Leave to File Extended 1983 Civil Rights Complaint and the Amended Complaint was docketed on April 24, 2013. (#'s 10 & 11). The

Court allowed Counts one (1) through five (5) to proceed, but dismissed Count six (6) of Plaintiff's Complaint. *Id.* On May 10, 2013, Catherine Cortez Masto, Esq., Attorney General of the State of Nevada, and Kelly M. Smith, Esq., Deputy Attorney General, filed a Limited Notice of Appearance Solely for the purpose of Discussing Settlement. (#16). The Inmate Early Mediation Conference was held on August 2, 2013, however, no settlement agreement was reached. (#33). On August 28, 2013, Catherine Cortez Masto, Esq., and Kelly M. Smith, Esq. accepted service on behalf of Defendants Dwight Neven, James G. Cox, Vanessa Heidt, Robert Baker, Isidro Baca, Jeremy Bean, Harold Wickham, and Roland Daniels (hereafter "Defendants"). (#35).

**B. Plaintiff's Request to Amend Civil Complaint and File Motion for Appointment of Counsel (#'s 39, 40 and 43).**

Plaintiff seeks leave to file an Amended Complaint. Defendants oppose as Plaintiff failed to attach an Amended Complaint to his motion for leave. (#46). Local Rule 15-1 provides that the moving party must attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading.

Plaintiff's request to Amend Civil Complaint is denied without prejudice.

**(1) Motion for Appointment of Counsel.**

Plaintiff has filed a motion seeking appointment of counsel. (#'s 40 & 43). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and

1 internal quotation marks omitted).  In this case, plaintiff has demonstrated that he is capable of
2 adequately articulating his claims, and the facts alleged and issues raised are not of substantial
3 complexity.
4     In the instant case, the Court does not find exceptional circumstances that warrant the
5 appointment of counsel.  The Motion for Appointment of Counsel is denied.

6 **C. Plaintiff's Motion for U.S. Marshals to Serve Summons to Defendants Cole Morrow, John Doe**
7 **Gonzales, C/O Todd Drake, C/O E. Lona, J. Rainonk, and LT. Eric Burson.   (#'s 42 & 45)**

8     Plaintiff requests the service of the U.S. Marshal's office to service Summons on Defendants
9 Cole Morrow, John Doe Gonzales, C/O Todd Drake, C/O E. Lona, J. Rainonk, and LT. Eric Burson.

10     C/O Todd Drake, C/O E. Lona,  J. Rainonk and LT. Eric Burson are additional defendants that
11 Plaintiff named in his Second Amended Complaint (#44).  The Court has not granted leave for Plaintiff
12 to file his Second Amended Complaint, thus Plaintiff's request to serve Summons on Defendants C/O
13 Todd Drake, C/O E. Lona, J. Rainonk and LT. Eric Burson is denied.

14     Defendants Cole Morrow and John Doe Gonzales are named defendants in Plaintiff's Amended
15 Complaint (#11).  Plaintiff's Amended Complaint was filed on April 24, 2013.  On April 24, 2013, the
16 Court entered an Order staying the action for ninety (90) days to allow the parties an opportunity to
17 settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process
18 begins.  (#10).  During the stay, no other pleadings or papers are to be filed in this case.  *Id.*   On May
19 29, 2013, this case was referred to the Inmate Early Mediation program and an Inmate Early Mediation
20 Conference was scheduled for August 2, 2013.  (#20).  The parties did not reach a settlement and the
21 case was returned to the normal litigation track.  (#33).  On August 8, 2013, the Court ordered that "the
22 Attorney General file a notice advising the court and plaintiff of: (a) the names of the defendants for
23 whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the
24 names of the defendants for whom it is filing last-known-address information under seal."  (#34).  On
25

August 28, 2013, the Attorney General's office accepted service on behalf of Defendants Dwight Neven, James G. Cox, Vanessa Heidt, Robert Baker, Isidro Baca, Jeremy Bean, Harold Wickham, and Roland Daniels and filed under seal the last known address of Cole Morrow. (#'s 35 & 36). On October 7, 2013, Plaintiff filed his Motion for U.S. Marshals to Serve Summons on Defendant Cole Morrow and John Doe Gonzales. (#42).

Defendants filed their Response to Plaintiff's Motion (#42) on October 23, 2013. (#50). Defendants state that pursuant to Fed. R. Civ. P. 4(m), service must be effectuated within 120 days of filing of a complaint and that the deadline to serve John Doe Gonzales expired on August 22, 2013. *Id.*

**Analysis**

On April 24, 2013, the Court stayed the case for ninety (90) days to allow the parties an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. (#10). During the stay, the Court ordered that no other pleadings or papers are to be filed in this case. *Id.* Plaintiff was not able to file to any papers regarding service during the stay. On August 8, 2013, the Court ordered "the Attorney General to file a notice advising the court and plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal." While the Attorney General's office has filed an Acceptance of Service for the Defendants listed above and the last known address of Cole Morrow, it fails to list the names of the remaining defendants listed on the Amended Complaint for whom it does not accept service and their last known address(es). John Doe Gonzalez is among the defendants that are not represented by the Attorney General and his last known address has not been filed.

An incarcerated *pro se* litigant proceeding in forma pauperis must "be allowed the chance to serve defendants personally through the Marshal's Service." *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2nd Cir. 1986); See also 28 U.S.C. § 1915(d)("The officers of the court shall issue and serve all

process, and perform all duties in such cases."). Ordering the U.S. Marshal to serve Defendants Cole Morrow (at the address listed on the Summons in docket number 42 and under seal in docket number 36) and John Doe Gonzalez is appropriate.

**D. Motion to Extend Prison Copywork Limit. (#48)**

Plaintiff asserts that he has reached or exceeded the $100.00 prison copywork limit of NDOC AR 722.12, and asks this court to extend his copywork limit (#48). NDOC AR 722.12(4) allows plaintiff to accrue a $100.00 debt against his account towards legal copywork which, once reached, prohibits him from accumulating any further indebtness for such copywork.

Plaintiff asserts that he is not asking this court to grant him unlimited copywork, rather he is seeking only a reasonable allowance of copywork for documents relevant to this proceeding. *Id.*

Defendants opposed on the grounds that Plaintiff is not entitled to free and unlimited copy work to pursue this civil action. (#54).

**Analysis**

The right to meaningful access to the courts does not confer a right to free unlimited photocopies. See *Sands v. Lewis*, 886 F.2d 1166 (9th Cir. 1989) (citing *Jones v. Franzen*, 697 F.2d 801, 803 ("[B]road as the constitutional concert of liberty is, it does not include the right to xerox." (7th Cir. 1983)); see also *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983); *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981); *Harrell v. Keohane*, 621 F.2d 1059, 1060-61 (10th Cir. 1980). As noted by Plaintiff, the Nevada Department of Corrections provides $100.00 of free legal copy work to prisoner litigants. Plaintiff asks for additional money but he does not state how much. He did state that he has reached or exceeded his current balance. Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not allowed plaintiffs proceeding in forma pauperis to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. See, e.g., *Collins v. Goord*, 438 Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker*, 43 F. 3d 1483 (10th Cir. 1994).

Plaintiff seeks additional copies for future copying needs that have yet to be identified. Plaintiff does not identify any specific document which must be photocopied, nor the quantity of copies which must be made for him to proceed in this action. The Court requires a more particularized showing of need before it will order the state to extend an inmate's copy account.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Request to Amend Complaint and File Motion for Appointment of Counsel, and Request for Appointment of Counsel (#'s 39, 40 & 43) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for U.S. Marshals to Serve Summons to Defendants Cole Morrow, John Doe Gonzales, C/O Todd Drake, C/O E. Lona, Caseworker – J. Rainonk, and LT. Eric Burson (#'s 42 & 45) is GRANTED in part and DENIED in part as stated below.

Plaintiff's request to serve Summons on Defendants C/O Todd Drake, C/O E. Lona, J. Rainonk and LT. Eric Burson is DENIED.

The Clerk of the Court shall issue summons to Defendants Cole Morrow (at the address listed in docket number 42-1) and John Doe Gonzales (at the address listed in docket number 42-1), deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the plaintiff.

IT IS FURTHER ORDERED that the Plaintiff will have twenty (20) days to furnish to the U.S. Marshal the required USM-285 form. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, Plaintiff must file a notice with the court stating if Defendants Cole Morrow and John Doe Gonzales were served. If the Plaintiff wishes to have the U.S. Marshal attempt service again on Defendants Cole Morrow and John Doe Gonzales, then a motion must be filed with the court.

IT IS FURTHER ORDERED that on or before January 15, 2014, the Attorney General must file under seal and serve on Plaintiff, the names and addresses of the defendants for whom it did not accept service.

1  IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Prison Copy Work Limit (#48) is
2 is denied without prejudice.  Plaintiff may refile the motion if he is able to make a more particularized
3 showing of need.

4  DATED this 13th day of December, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE