**That's UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

GEORGE TYRONE DUNLAP, JR.,

        Plaintiff,

vs.

DWIGHT NEVEN, *et al.*,

        Defendants.

2:12–cv–1370–JCM–VCF

**<u>ORDER</u>**

This matter involves *pro se* Plaintiff George Dunlap's section 1983 action against, *inter alia*, Dwight Neven, High Desert State Prison Warden. Before the court is Neven's motion to strike (#66[1]). Dunlap filed a response (#68); and Neven replied (#70). For the reasons stated below, Neven's motion is denied.

**LEGAL STANDARD**

The district court's power to strike originates from two sources. First, Federal Rule of Civil Procedure 12(f) empowers the courts to "strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See also* FED. R. CIV. P. 7(a) (defining pleadings as the complaint, answer, and reply to an answer). Second, the court's authority to manage its docket and regulate the parties' conduct includes "an inherent authority to strike." *Metzger v. Hussman*, 682 F. Supp. 1109, 1111 (D. Nev. 1988); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing that federal courts have "certain implied powers" that are "governed not by rule or statute

---

[1] Parenthetical citations refer to the court's docket.

1

but by the control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *accord Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir.2010).

## DISCUSSION

Neven's motion to strike is denied for four reasons. First, the basis of Neven's motion is factually and legally wrong. Neven moves to strike three of Dunlap's filings: (1) a response to Neven's motion to dismiss (#63), which is erroneously styled as a response to Neven's request for summary judgment; (2) a statement of actual facts (#64); and a supplemental statement of actual facts (#65). (Def.'s Mot. to Strike (#66) at 1:24–27). Neven argues that Dunlap's response should be stricken because the response totals thirty pages and Local Rule 7-4 limits "***[r]eply briefs and points and authorities [to] twenty (20) pages***." (*Id.* at 3:10); (*see also* Def.'s Reply (#70) at 2:19) (emphases original in both).

A response brief is not a reply brief. *See* Local Rule 7-4; *see also* BLACK'S LAW DICTIONARY (9th ed. 2009). Under Local Rule 7-4, responses "shall be limited to thirty (30) pages." Dunlap's response is exactly thirty pages. (*See* Pl.'s Opp'n (#63) at 30). The legal and factual bases for Neven's motion are, therefore, wrong.

Second, Neven's request for relief is contrary to the fundamental spirit of the Federal Rules of Civil Procedure. The rules are designed to promote the disposition of cases on the merits, not technicalities. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also* FED. R. CIV. P. 1 ("These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Here, Neven moves the court to strike Dunlap's opposition to Neven's motion to dismiss because Dunlap's response allegedly exceeds the

2

prescribed page limits. This request is unwarranted because it would render Dunlap defenseless on account of a technical violation.

Third, the court denies Neven's request to strike Dunlap's other filings—(*i.e.*, Dunlap's statement of actual facts (#64) and supplemental statement of actual facts (#65))—because Dunlap appears to have filed these documents due to a mistaken that is both reasonable and commendable. Dunlap's opposition to Neven's motion to dismiss is mistakenly styled as a response to "Defendants' Request for Summary Judgment." (*See* Pl.'s Opp'n #63). Dunlap is not represented by counsel and the terms that Dunlap confused, "motion to dismiss" and "motion for summary judgment," are technical terms of art. Because these terms are unfamiliar among laypeople, Dunlap's mistake is reasonable.[2]

However, Dunlap's filings are also commendable. Local Rule 56-1 requires parties to submit a concise statement of material facts with any motion, "and responses thereto," for summary judgment. Believing that Neven's motion to dismiss was a motion for summary judgment, Dunlap reviewed the local rules governing motions for summary judgment, found Local Rule 56-1, submitted a concise statement of facts in support of his response, and cited the applicable local rule. (*See* Statement (#64) at 2:3). This is commendable.

Fourth, if even Neven's motion was factually and legally sound—and it is not—*pro se* litigants are held to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980) (stating that complaints drafted by pro se litigant should be held to a "less stringent standard"). This is especially true where, as here, the *pro se* litigant is incarcerated. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)). (stating that courts and

---

[2] Alternatively, the court also recognizes the possibility that Dunlap misread the court's minute order regarding the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 and (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), which refers to motions to dismiss and motions for summary judgment. (Min. Order #58). But, if this is the case, Dunlap's mistake is still reasonable and the fact that he read the minute order demonstrates his diligence in reviewing the record and prosecuting his claims.

opposing counsel should be "especially . . . flexible when dealing with imprisoned *pro se* litigants."). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Id*. In the context of the instant dispute, these principles preclude the court from striking Dunlap's response.

The court also denies Neven's alternative request for relief. Neven asks the court to grant Neven a thirty-day extension to reply to Dunlap's response. (*See* Pl.'s Mot. to Strike (#66) at 4:3). Two facts persuade the court to deny this request. First, Dunlap's supplemental filings are, by definition, matters outside the pleadings. *See* FED. R. CIV. P. 7(a) (defining pleadings). Under Rule 12(d), "matters outside the pleadings" cannot be considered on a motion to dismiss without converting the motion into a motion for summary judgment. If Judge Mahan does not convert Neven's motion into a motion for summary judgment, Neven's request for relief is unnecessary. If Judge Mahan does convert Neven's motion into a motion for summary judgment, then Dunlap's filings are appropriate and should remain on the record for his consideration.

Additionally, the court denies Neven's request for an extension because Neven has had more than enough time to reply to Dunlap's filings. Dunlap's response was filed on December 18, 2013 and his supplemental statements were filed on December 23 and 27, 2013. Neven replied on February 5, 2014, which is **forty-nine** days after Dunlap's response. (Def.'s Reply (#73) at 13:3) (dated February 5, 2014). This was untimely. Both Local Rule 7-2(c) and the Honorable James C. Mahan, U.S. District Court Judge's December 5, 2013 minute order required Neven's reply brief to be filed "seven (7) days after service of the response." (*See* Min. Order (#58) at 3). Neven failed to comply with these directives.

It is well within the court's discretion to strike or disregarded untimely reply briefs when disposing of the underlying motion. *See Chambers*, 501 U.S. at 43 (recognizing that federal courts have "certain implied powers" that are "governed not by rule or statute but by the control necessarily invested

in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Metzger v. Hussman*, 682 F. Supp. 1109, 1111 (D. Nev. 1988) (stating that the implied power includes the power to strike). This court, however, defers to Judge Mahan's discretion on whether Neven's untimely brief should be stricken.

The court recognizes the frustrations that may arise for defense counsel when opposing *pro se* plaintiffs. Often, *pro se* plaintiffs are not familiar with the rules of court. This, however, does not appear to be the case here. Despite Dunlap's confusion regarding motions to dismiss and motions for summary judgment, Dunlap has complied with the rules in a timely manner. The court, therefore, advises defense counsel to exercise discretion when resorting to motion practice. Filing unwarranted motions risks compromising counsel's credibility before the court.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Montes' motion to strike (#66) is DENIED.

IT IS SO ORDERED.

DATED this 24th day of February, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE