UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE TYRONE DUNLAP, JR., | 2:12-cv-01370-JCM-VCF |
| Plaintiffs, | ORDER |
| vs. | |
| WARDEN D. NEVEN, et al., | |
| Defendants. | |

Presently before the court is *pro se* plaintiff George T. Dunlap's motion for a preliminary injunction. (Doc. # 41). Defendants filed a response in opposition. (Doc. # 49). Plaintiff filed two replies. (Docs. ## 55 & 56).

**I.   Factual background**

Plaintiff is an inmate currently housed at Ely State Prison. Plaintiff's complaint presents numerous civil rights claims against employees of the Nevada Department of Corrections. (Doc. # 44).

In the instant preliminary injunction motion, plaintiff alleges that the prison officials are on a "constant quest to punish and harm [plaintiff] for the filing of 'grievances and civil suit'" (Doc. # 41 p. 2). He specifically alleges that officers intentionally placed him in a cell with a racist, Aryan gang member despite the fact that plaintiff is black. However, plaintiff does not allege that any conflict actually occurred with this cell mate.

Plaintiff further claims that he was locked in a shower cage and assaulted with "spit and urine" by other inmates. (Doc. # 41 p. 3). He also provides a narrative of an event in which an officer forced him to put his hands against a wall while inmates were being lined up to leave the prison dining hall. (Doc. # 55 p. 3). The complaint also contains numerous allegations that prison officers have threatened

plaintiff with physical violence. Plaintiff asserts that each of these events was caused directly or indirectly by prison officials in retaliation for his acts of filing grievances regarding his incarceration.

Plaintiff initially requests that the court order that he be relocated to Lovelock correctional center. (Doc. # 41 p. 4). Later, plaintiff alters this request and asks the court to order that he be relocated to the High Desert State Prison "medical psych unit." (Doc. # 56 p. 4).

## II.     Legal Standard

The Supreme Court has stated that courts must consider the following factors in determining whether to issue a preliminary injunction: (1) likelihood of irreparable injury if preliminary relief is not granted; (2) a likelihood of success on the merits; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22, 32. A moving party is required to make a showing that all of these requirements have been met. *American Trucking Assoc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

## III.    Analysis

The court declines to grant plaintiff's request for a preliminary injunction at this time because he fails to demonstrate that he has a likelihood of success on the merits. While plaintiff makes numerous allegations of misconduct by the prison staff, he provides no evidence to support his claims. Without admissible evidence to support plaintiff's allegations of a conspiracy by prison officials to punish him for filing grievances, the court finds that plaintiff lacks a likelihood of success on the merits of his claims.

. . .
. . .
. . .
. . .
. . .
. . .

2

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff George T. Dunlap's motion for a preliminary injunction (doc. #41) be, and the same hereby is, DENIED.

DATED: April 14, 2014.

_____
UNITED STATES DISTRICT JUDGE