**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

GEORGE TYRONE DUNLAP, JR.,          )         2:12-cv-01370-JCM-VCF
                                    )
      Plaintiffs,                  )
                                    )         **ORDER**
  vs.                               )
                                    )
WARDEN D. NEVEN, et al.,            )
                                    )
      Defendants.                  )
_____)

      Presently before the court is defendant Ryan Hesler's ("Hesler") motion to dismiss or, in the alternative, motion for summary judgment. (Doc. # 81). *Pro se* plaintiff George Tyrone Dunlap, Jr. has filed an opposition (doc. # 87) to which Hesler responded (doc. # 88).

      Also before the court is plaintiff's second amended complaint (doc. # 44), which was filed without leave of the court.[1]

**I.    Background**

      Pursuant to the court's screening order (doc. # 10), plaintiff was permitted to proceed on five counts in his amended complaint (doc. # 11) against High Desert State Prison's ("HDSP") warden and various correctional officers. During all times relevant to the instant complaint, Hesler was a correctional officer at HDSP, where plaintiff was incarcerated. In count four, plaintiff alleges an Eighth Amendment claim against Hesler, alleging that Hesler sexually harassed him on July 21, 2012, when Hesler allegedly told the inmates that he would be checking "dicks because he was the dick police." (Doc. # 11, p. 16).

---

[1] The amended complaint (doc. # 11) is the operative complaint. The clerk shall strike plaintiff's second amended complaint (doc. # 44) because it was improperly filed without leave.

In the instant motion, Hesler argues that the alleged conduct does not comprise a constitutional violation under the Eighth Amendment. Hesler seeks dismissal or, in the alternative, summary judgment. (Doc. # 81).

**II.     Legal Standard**s

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

1    The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**III.   Analysis**

As an initial matter, the court acknowledges that plaintiff's complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

The Eighth Amendment prohibits unnecessary and wanton infliction of pain and punishment that is "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Prisoners have a "limited right to bodily privacy." *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988). Specifically, prisoners have an Eighth Amendment right to be free from sexual abuse. *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (citation omitted).

Sexual abuse is "inconsistent with contemporary standards of decency" and "repugnant to the conscience of mankind," and therefore, violates the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (internal citations omitted). Under the deliberate indifference standard, a violation of the Eighth Amendment is only found when an objective and subjective component are met. *See Farmer v. Brennan*, 511 U.S. 825, 932 (1994); *Labatad v. Corrections Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2010) (citation omitted).

. . .

"[V]erbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1987) (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 2004). Verbal sexual harassment alone is not sufficient to constitute an Eighth Amendment violation. *See Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004).

As to count four of his complaint, the only allegation that *pro se* plaintiff makes against Hesler is that, on July 21, 2012, Hesler told the inmates that he would be checking "dicks because he was the dick police." (Doc. # 11, p. 16). Although he denies this allegation, Hesler correctly argues that, even if it were true, such conduct does not constitute a violation of the Eighth Amendment.

Plaintiff, in his opposition, attempts to refute the instant motion by putting forward allegations that do not appear in his complaint. (Doc. # 87). Plaintiff alleges that Hesler subjected him to "pat searches" and strip searches. (Doc. # 87, p. 2). However, these additional allegations were not included in plaintiff's complaint and therefore do not present a basis upon which the court could deny the motion to dismiss.

Moreover, the grievance forms ("kites") attached to plaintiff's opposition are also irrelevant to the instant claim against Hesler. (*See* doc. # 87, Exhibits 1-6, p. 14-19). These kites make no reference to the allegations at issue and the sole kite that mentions Hesler, which is dated February 8, 2013, alleges merely that Hesler "comes to bang on [plaintiff's] cell window from the outside." (Doc. # 87, Exhibit 5, p. 18).

Taken as true, the allegations as set forth in plaintiff's amended complaint do not state a plausible Eighth Amendment claim against Hesler. Therefore, the court will grant the motion to dismiss.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Hesler's motion to dismiss (doc. # 81), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that count four is dismissed as to defendant Hesler.

. . .

. . .

IT IS FURTHER ORDERED that the clerk shall strike plaintiff's second amended complaint (doc. # 44) from the docket as it was improperly filed without leave.

DATED June 27, 2014.

_____
UNITED STATES DISTRICT JUDGE