**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

|  |  |
|---|---|
| GEORGE TYRONE DUNLAP, JR., | 2:12-cv-01370-JCM-VCF |
| Plaintiffs, | |
| vs. | **ORDER** |
| WARDEN D. NEVEN, et al., | |
| Defendants. | |

Presently before the court is *pro se* plaintiff George T. Dunlap's motion for a preliminary injunction. (Doc. # 85). Defendants filed a response in opposition. (Doc. # 89).

## I.   Factual background

Plaintiff is an inmate currently housed at High Desert State Prison. Plaintiff's complaint presents numerous civil rights claims against employees of the Nevada Department of Corrections. (Doc. # 11).

In the instant motion, plaintiff claims that prison officials required plaintiff to take "Risperdal," an antipsychotic medication. (Doc. # 85 p. 2). He further alleges that due to his consumption of Risperdal, he has developed sleep apnea which has gone untreated by prison medical staff. *Id.*

Plaintiff requests permanent relocation to a medical unit, placement in "single-cell housing," or an early release from prison. *Id.* at 3.

## II.   Legal Standard

The Supreme Court has stated that courts must consider the following factors in determining whether to issue a preliminary injunction: (1) likelihood of irreparable injury if preliminary relief is not granted; (2) a likelihood of success on the merits; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). "An injunction is a matter of equitable

discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22, 32. A moving party is required to make a showing that all of these requirements have been met. *American Trucking Assoc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

"A motion for preliminary injunction must be supported by evidence that goes beyond the unverified allegations of the pleadings." *Gonzalez v. Zika*, 2012 WL 4466584 at *1 (N.D. Cal. 2012) (internal quotations omitted). However, the court "may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

### III. Analysis

The court declines to grant plaintiff's request for a preliminary injunction at this time because he fails to demonstrate a likelihood of success on the merits. While plaintiff makes allegations of deliberate indifference by the prison staff, he provides no evidence to support his claims. Without evidence to support plaintiff's allegations that he has developed sleep apnea which the prison staff has refused to treat, the court finds that plaintiff lacks a likelihood of success on the merits of his claims.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff George T. Dunlap's motion for a preliminary injunction (doc. # 85) be, and the same hereby is, DENIED.

DATED July 24, 2014.

_____
UNITED STATES DISTRICT JUDGE

2