UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE TYRONE DUNLAP, JR., <br><br>    Plaintiff(s), <br><br> v. <br><br> WARDEN D. NEVEN, et al., <br><br>    Defendant(s). | Case No. 2:12-CV-1370 JCM (VCF) <br><br> ORDER |

Presently before the court is defendants Warden Neven, Robert Baker, Jeremy Bean, and Harold Wickham's motion to dismiss pursuant to rule 41(b). (Doc. #120). *Pro se* plaintiff George Dunlap Jr.'s response was due by August 7, 2015. Plaintiff has neither filed a response nor sought an extension from the court.

**I.    Background**

The instant action arises out of defendants' allegations that he was the victim of physical and sexual harassment by prison security officers while in the custody at the High Desert State Prison ("HDSP"). (Doc. #11). Plaintiff filed his initial complaint almost three years ago on October 19, 2012. (Doc. #4). Pursuant to the court's screening order (doc. #10), plaintiff was permitted to proceed on the following claims against the defendant: deliberate indifference to serious threat of inmate safety in violation of the Eighth Amendment, against defendants Height, Gonzales, Atkins, and Daniels; retaliation in violation of the First Amendment, against defendants Height, Gonzales, Atkins and Daniels; excessive force, in violation of the Eighth Amendment, against defendant Baca; failure to protect, in violation of the Eighth Amendment, against defendants Height, Gonzales, Neven, Morrow, Baca, and Daniels; retaliation in violation of the First Amendment, against defendants Height, Gonzales, and Atkins; sexual assault and harassment, in violation of

**James C. Mahan**
**U.S. District Judge**

1   the Eighth Amendment, against defendants Baker, Hesler, Neven, Wickham and Bean; and
2   unconstitutional strip searches, in violation of the Fourth and Fifth Amendment, against Defendant
3   Baker. (Doc. #10).

4   On December 4, 2013, defendants filed a motion to dismiss plaintiff's complaint. (Doc.
5   #57). Plaintiff filed his opposition (doc. #63) and defendants filed their subsequent reply (doc.
6   #73). On March 11, 2014, Magistrate Judge Ferenbach issued a report and recommendation
7   recommending the dismissal of counts one through three of plaintiff's complaint and against
8   dismissal of counts four and five. (Doc. #79). On June 30, 2014, the court adopted Magistrate
9   Judge Ferenbach's report and recommendation. (Doc. #99).

10   One March 14, 2014, defendant Hesler filed a motion to dismiss (doc. #81); the plaintiff
11   filed his opposition to the motion (doc. #87), and defendant filed his reply (doc. #88) in support of
12   his motion to dismiss. On June 27, 2014, the court grant's defendant Hesler's motion to dismiss.
13   (Doc. #98).

14   On August 6, 2014, Defendants Baker, Bean, Neven, and Wickham filed their answer to
15   plaintiff's amended complaint. (Doc. #103).

16   On October 24, 2014, the court issued its scheduling order and set the discovery deadline
17   for February 2, 2015. (Doc. #108). After the parties engaged in discovery and other pretrial related
18   matters, the court set the dispositive motion deadline for July 30, 2015 and the joint pretrial order
19   deadline for August 28, 2015. (Doc. #119).

20   On June 20, 2015, counsel for the defendants mailed a letter to plaintiff in order to resolve
21   discovery issues before the deadline. (Doc. #120 Exh. A). The letter was sent to his last reported
22   address at Ely State Prison ("ESP") and returned as undeliverable. (Doc. #120 Exh. B). Defense
23   counsel then contacted officials at ESP and learned that plaintiff was discharged from ESP on June
24   18, 2015. (Doc. #120 Exh. C and D). Consequently, On July 21, 2015, defendants then filed the
25   present motion to dismiss. (Doc. #12). The court has twice attempted to contact plaintiff at the last
26   provided address since defendants filed their motion; on both occasions, the mail was returned as
27   undeliverable. (Docs. #122–25). Plaintiff did not file a response to the motion to dismiss. It has
28   now been over three months since defendant was released from ESP and he has neither filed

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  anything with the court nor provided the court or the defendants' counsel an address at which he
2  may be reached.

## II.   Legal Standard

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action based on a party's failure to prosecute. Fed. R. Civ. P. 41(b). Federal trial courts have the power to dismiss a plaintiff's action with prejudice because of the plaintiff's failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962) (affirming dismissal for failure to prosecute based on attorney's unexcused failure to attend pretrial conference and other delays); *see also* Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 630–31. Although dismissal is a harsh penalty, it is appropriate when a plaintiff fails to prosecute with "reasonable diligence," even in the absence of a showing of actual prejudice to the defendants due to the failure. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir.1976).

Policy favors deciding cases on the merits, but it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Moreover, there is no requirement that the court warn the dilatory party that dismissal is possible if the dilatory tactics continue "when dismissal follows a noticed motion under Rule 41(b)." *Nealy v. Transportation Maritima Mexicana, S.A.,* 662 F.2d 1275, 1279–81 (9th Cir. 1980).

A dismissal under Rule 41(b) "must be supported by a showing of unreasonable delay." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In addition, the district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010).

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. Discussion

The plaintiff has not filed a single paper nor been in contact with this court since the March 11, 2015 hearing regarding his partial request for discovery was held. Plaintiff has not been in contact with the defense counsel since some time prior to June 30, 2015, when defense counsel's letter to plaintiff was returned undelivered. (Doc #120 Exh. B). Previously, plaintiff had frequently filed papers with the court in this case, been in frequent written contact with defense counsel, and was pursuing discovery in this matter.

Weighing the factors set forth in *Omstead v. Dell, Inc.*, 594 F.3d 1081 (9th Cir. 2010), the court finds that Rule 41(b) dismissal is warranted. The first factor—public's interest in expeditious resolution of litigation—always favors dismissal. *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999). The second factor, the court's need to manage its docket, certainly weighs in favor of dismissal here. By dismissing the case, the court will be able to address the concerns of other litigants in other cases who abide by the court's directions and meet their deadlines. The third factor, risk of prejudice to the defendants, is shown in the record before the court, which indicates the defendants have been unable to proceed with discovery and performing necessary activities in order to proceed to trial. The fourth factor recognizing the public policy favoring disposition of cases on their merits always weighs against dismissal. *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002). Finally, the court finds the availability of less drastic sanctions is not available here, where the plaintiff appears to have effectively abandoned his case. Neither the court nor defense counsel have the means to communicate with plaintiff as he has failed to update the court with his new address. Because four of the five factors weigh in favor of dismissal, and because plaintiff has failed to prosecute the case with reasonable diligence, this case will be dismissed.

In light of plaintiff's failures to respond and weighing the factors identified in *Omstead*, the court finds dismissal of plaintiff's amended complaint (doc. # 11) is warranted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Robert Baker, Jeremy Bean, Dwight Neven, and Harold Wickham's motion to dismiss pursuant to Rule 41(b) (doc. # 120), be GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 4 -

IT IS FURTHER ORDERED that plaintiff George Dunlap Jr's amended complaint (doc. # 11), be DISMISSED with prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED September 24, 2015.

_____
UNITED STATES DISTRICT JUDGE